# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| DEBORAH STURDIVANT, *et al.*, | : | Case No. 1:18-cv-801 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ABUBAKAR ATIQ DURRANI, *et al*., | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING DEFENDANTS' MOTION
## FOR JUDGMENT ON THE PLEADINGS (DOC. 12)

This civil case is before the Court on Defendants Abubakar Atiq Durrani and the

Center for Advanced Spine Technologies, Inc. ("CAST")'s motion for judgment on the

pleadings (Doc. 12), and Plaintiffs Deborah and Roger Sturdivant's response in

opposition (Doc. 17). Defendants did not file a reply.

## I. BACKGROUND

Plaintiff Deborah Sturdivant is one of the many former surgical patients of

Defendant Durrani seeking relief from allegedly unnecessary and fraudulent surgery.

On September 4, 2009, Durrani performed spinal surgery on Sturdivant at West

Chester Hospital. (Doc. 1 at ¶ 12). Sturdivant alleges that Durrani lied about the

necessity and outcome of the surgery and injected her with an off-label morphogenetic

bone protein ("BMP-2"). (*Id*. at ¶¶ 16–21). According to Sturdivant, BMP-2 causes an

increased risk of cancer. (*Id*. at ¶ 19). Following criminal charges, in November 2013,

Durrani fled Ohio for Pakistan, where he remains to this day. *See United States v. Abubakar Atiq Durrani*, Case No. 1:13-cr-84.

Plaintiffs originally brought their claims on August 15, 2016 in the Hamilton County Court of Common Pleas as part of *Baker, et al. v. Durrani, et al.*, No. A1604542. (Doc. 17 at 2.) Plaintiffs' original complaint was voluntarily dismissed on December 11, 2017. (*Id.*) On November 19, 2018, Plaintiffs filed the instant action. (Doc. 1).

Plaintiffs allege claims against Durrani for negligence, battery, lack of informed consent, intentional infliction of emotional distress, fraud, and spoliation of evidence. (*See id.*) Plaintiffs also allege claims against CAST for vicarious liability; negligent hiring, retention, and supervision; fraud; and violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01, *et seq.* (*Id.*)

Defendants move for judgment on the pleadings, arguing that Ohio's statute of repose, Ohio Rev. Code § 2305.113(C), bars Plaintiffs' claims. (Doc. 12).

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). That is, a court should grant a motion for judgment on the pleadings under Rule 12(c) only if "no material issue of fact

exists and the party making the motion is entitled to judgment as a matter of law."

*Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946

F.2d 1233, 1235 (6th Cir. 1991)).

To show grounds for relief, Federal Rule of Civil Procedure 8(a) requires that the

complaint contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." The Rule "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

*Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss,

"courts 'are not bound to accept as true a legal conclusion couched as a factual

allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265

(1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the

speculative level[.]" *Id.*

Accordingly, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is

plausible where "plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'"

and the case shall be dismissed. *Id.*

### III. ANALYSIS

The analysis in this case follows the many decisions from this Court related to

similar medical claims brought by similarly-situated plaintiffs against Defendants, and

dismissing those claims based on the statute of repose. *See, e.g.*, *Levandofsky v. Durrani*,

No. 1:18-CV-809, 2020 WL 5531396 (S.D. Ohio Sept. 15, 2020) (McFarland, J.);

*Powers v. Durrani*, No. 1:18-CV-788, 2020 WL 5526401 (S.D. Ohio Sept. 15, 2020)

(McFarland, J.); *Landrum v. Durrani*, No. 1:18-CV-807, 2020 WL 3512808 (S.D. Ohio

Mar. 25, 2020) (Dlott, J.), *reconsideration denied*, No. 1:18-CV-807, 2020 WL 3501399

(S.D. Ohio June 29, 2020); *Adams v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:18-

CV-475, 2019 WL 1099763 (S.D. Ohio Mar. 8, 2019), *appeal dismissed*, No. 19-3302,

2020 WL 1813601 (6th Cir. Mar. 4, 2020) (Black, J.).

#### 1. Statute of Repose

The main issue in this case is whether Plaintiffs' claims are time-barred based on

Ohio's statute of repose. Ohio Rev. Code. § 2305.113. Section 2305.113 limits the time

within which a plaintiff can bring a medical claim. The statute employs two distinct

mechanisms: a statute of repose and a statute of limitations. Defendants contend that the

statute of repose bars Plaintiffs' claims here.

Ohio's statute of repose for medical claims "requires plaintiffs to have filed their

medical claims within four years of the occurrence of the acts or omissions that allegedly

caused their injuries." *Wilson v. Durrani*, -- Ohio St. 3d --, 2020-Ohio-6827, ¶ 19, --

N.E. 3d -- (Ohio Dec. 23, 2020), *reconsideration granted in part*, 2021-Ohio-534, 161

Ohio St. 3d 1453 (citing Ohio Rev. Code § 2305.113(C)).[1] "'[T]he 'act' from which the

statute of repose necessarily runs here is from the date of the surgeries because [the

surgeries] constitute the alleged basis of the medical claims.'" *Landrum*, 2020 WL

3512808, at *3 (S.D. Ohio Mar. 25, 2020) (quoting *McNeal v. Durrani*, 2019-Ohio-5351,

¶ 15 (Ohio Ct. App. 2019), *rev'd on other grounds*, 2020-Ohio-6932 (Ohio 2020)).

Here, the "act" giving rise to Plaintiffs' claims is the surgery performed by

Durrani on September 4, 2009. *See Wilson*, 2020-Ohio-6827 at ¶19 ("acts or omissions"

occurred "when Dr. Durrani operated on [the patients]"). Accordingly, Plaintiffs' claims

became time-barred by Ohio's statute of repose on September 4, 2013.[2]

In response to Defendants' statute of repose argument, Plaintiffs assert various

arguments to save the timing of their claims. The Court addresses each below.[3]

---

[1] The Supreme Court of Ohio granted reconsideration and "remanded to the court of appeals solely to consider whether the repose period was tolled under R.C. 2305.15(A)." *Id*. Ohio Rev. Code § 2305.15(a) is Ohio's statute that tolls time periods when a defendant is out of the state, absconds, or conceals themselves. *See infra*.

[2] Because the Court concludes that Plaintiffs' claims are barred by the statute of repose, the Court need not determine whether any spoliation claim is a "medical claim." A spoliation of evidence claim requires the plaintiff to show: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson Co.*, 67 Ohio St. 3d 28, 29 (1993). There is no longer any pending litigation, and Plaintiffs cannot maintain a spoliation of evidence claim.

[3] Plaintiffs also contend that the statute of repose is not implicated in this case because, by the time the claim was filed, Durrani was no longer a licensed physician. Thus, their claims are not "medical claims." However, as discussed, the statute of repose begins to run at the "act" – Sturdivant's surgery. Durrani had his license at the time of the surgery, making this a medical claim. This argument does not save Plaintiffs' claims.

### 2.    Savings Statute

Plaintiffs contend that Ohio's "savings statute," Ohio Rev. Code § 2305.19(A), applies because their claims were filed within one year of their voluntary dismissal in state court.  Pursuant to § 2305.19:

> In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Construing this statute in a Durrani case, the Supreme Court of Ohio recently and unambiguously held that the savings statute does not save medical claims when the statute of repose applies, because the state of repose "precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim."  *Wilson*, 2020-Ohio-3827 at ¶ 38.

Thus, because Plaintiffs claims are time barred based on the statute of repose.  The savings statute does not rescue the claims.

### 3.    Time Tolled for Alleged Absconder

Plaintiffs assert that the statute of repose has been tolled since Durrani fled the country in November 2013.  Plaintiffs rely on Ohio Rev. Code § 2305.15(A):

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person

6

> departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

Applying § 2305.15(A) and Sixth Circuit cases, this Court has held that the statute of repose is tolled as to Durrani only based on the date he fled to Pakistan. *See, e.g., Powers*, 2020 WL 5526401 at *2; *Landrum*, 2020 WL 3512808 at *4.

In this case, more than four years elapsed between Sturdivant's September 2009 surgery and Durrani's November 2013 flight. Thus, § 2305.15 cannot toll the time period for Plaintiffs' claims because the statute of repose already elapsed before Durrani's flight.

### 4. Nature of Claims

Plaintiffs also contend that the statute of repose does not bar certain claims, such as for fraud and the OCSPA violation, because those claims are not "medical claims" within the meaning of § 2305.113(C). However, "[c]ourts in other Durrani cases have uniformly rejected similar arguments, concluding that these claims 'though styled as a tort,' are actually 'dressed-up medical claims.'" *Landrum*, 2020 WL 3512808 at *5 (quoting *Adams*, 2019 WL 1099763, at *3) (collecting cases). *See also Couch v. Durrani*, 2021-Ohio-726 (Ohio Ct. App. Mar. 12, 2021) (same).

The Court declines to reach a contrary result here. Accordingly, the claims against Defendants are medical claims time-barred by the statute of repose.

### 5. Foreign Object Exception

Plaintiffs next contend that Durrani's injection of BMP-2 constitutes a "foreign object that is left in the body of the person making the claim" under Ohio Rev. Code § 2305.113(D)(2). If so, then Plaintiffs would be required to file their claims within one

year from the time Plaintiffs reasonably should have discovered the BMP-2 use, which

Plaintiffs contend happened here.

However, "'the exception carved out for a 'foreign object' left in a patient's body

is intended to cover objects that should have been removed from the body, not the objects

which are intentionally placed there . . ..'" *Landrum*, 2020 WL 3512808 at *5 (citing

*Vucsko v. Cleveland Urology*, 2019-Ohio-1992, ¶ 13 (Ohio Ct. App. 2019)).

In this case, Durrani did not unintentionally fail to remove a piece of equipment or

an object from Studivant's body.  Rather, according to Plaintiffs, he intentionally injected

the BMP-2 during the surgical procedure.  In addition, BMP-2 is a biologic rather than a

foreign medical device or object.  Thus, Plaintiffs' claims do not fall within the foreign

body exception to the statute of repose.

### 6. Equitable Exception

Plaintiffs last argue that this Court should apply an equitable exception to the

statute of repose, allowing their claims to move forward.  As this Court has already

stated, it "is cognizant that statutes of repose, by nature, may result in outcomes that are

perceived as harsh." *Adams*, 2019 WL 1099763 at *4.  However, it is this Court's duty to

"apply the statute as the General Assembly drafted it." *Id*. (quotation omitted).

Other courts in Durrani cases have also declined this equitable exception request

for similarly-situated plaintiffs, "reasoning that 'perhaps the General Assembly should

consider a fraud or equitable-estoppel exception to the statute of repose[, but] we cannot

substitute our judgment for the legislature's choice.'" *Landrum*, 2020 WL 3512808, at

\*5 (citing *Freeman v. Durrani*, 2019-Ohio-3643, ¶ 24 (Ohio Ct. App. 2019)). *See also Couch*, 2021-Ohio-726 at ¶¶ 23–26) (declining to apply exception).

Accordingly, the Court declines to reach this equitable exception.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (Doc. 12) is **GRANTED**.   The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:   5/19/2021                              *s/Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge